920 So.2d 716 (2006)
RUSSO ASSOCIATES, INC., Appellant,
v.
CITY OF DANIA BEACH CODE ENFORCEMENT BOARD, Appellee.
No. 4D04-4759.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
Samantha Tesser Haimo and Jeffrey A. Backman of Adorno & Yoss, LLP, Fort Lauderdale, for appellant.
Harriet R. Lewis of Weiss Serota Helfman Guedes Pastoriza Cole & Boniske, P.A., Fort Lauderdale, for appellee.
STONE, J.
Russo Associates, Inc. (Russo) brought this action under the Harris Private Property Protection Act, section 70.001, Florida Statutes, against the City of Dania Beach Code Enforcement Board (Dania). The trial court dismissed the complaint with prejudice, as barred by the statute of limitations. We reverse.
The dispute arose out of a change in zoning. Russo's existing use of the property was prohibited under the new zoning, *717 resulting in service of a citation on August 31, 2000. The city code enforcement board held a hearing on the citation's merits and found Russo in violation of the ordinance; an order was affirmed by the circuit court.
Russo presented its written claim on October 10, 2002, to the head of the governmental entity, the mayor of Dania Beach, pursuant to section 70.001(11), Florida Statutes. Russo filed its complaint on February 6, 2004. Dania maintains that the statute mandates a cause of action be filed "less than one year after the subject ordinance was first applied by the City to Plaintiff's Property" and that Russo was, therefore, acting in contravention of Florida Statutes Section 70.001 in filing its lawsuit.
The statute does not expressly address a statute of limitations. Section 70.001(4)(a) states that "[n]ot less than 180 days prior to filing an action under this section against a governmental entity, a property owner who seeks compensation under this section must present the claim in writing to the head of the governmental entity." Section 70.001(11) continues with the pronouncement that "[a] cause of action may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the property at issue."
The statute also provides that it is "the intent of the Legislature that, as a separate and distinct cause of action from the law of takings, the legislature herein provides for relief, or payment of compensation, when a new law, rule, regulation, or ordinance of the state or a political entity in the state, as applied, unfairly affects real property." § 70.001(1), Fla. Stat.
The legislature, through this statute, established an explicit procedure to follow in order to ensure notice and the opportunity to resolve disputes amicably. A claim must be presented in writing within a year, and it must include a valid appraisal. Then, the claimant must wait at least 180 days before filing the action. During the 180 days, the governmental entity must give notice to all parties of any related administrative action that gave rise to the claim, and to all owners of contiguous property. The statute additionally describes various settlement scenarios available during this period and sets forth the procedure an entity is to follow when a settlement offer is not accepted. In that case, the governmental entity is to issue a ripeness decision identifying allowable uses for the subject property. § 70.001(5)(a), Fla. Stat. Failure to provide a decision during the 180 days serves to ripen the entity's prior action and allows the property owner to pursue the claim.
We note that the catch-all four-year statute of limitations found within section 95.11(3)(p) has been held to govern inverse condemnation actions. Sarasota Welfare Home, Inc. v. City of Sarasota, 666 So.2d 171, 172 (Fla. 2d DCA 1995). Since the intention of section 70.001 is to provide an additional remedy when governmental action does not rise to the level of taking, it is not reasonable to infer a far more restrictive statute of limitation, effectively that of six months.
Interpreting the statute as proposed by Dania would result in the equivalent of a six-month statute of limitations, an outcome inconsistent with the statute's clear intent to create clarity and simplicity in bringing claims and lawsuits under the Act. In this context, it makes perfect sense to impose a one-year time-frame for dialogue between the property owner and the governmental body, to effect settlement before damages become unwieldy.
*718 Some guidance is available in Apostolico v. Orlando Regional Health Care System, Inc., 871 So.2d 283 (Fla. 5th DCA 2004), in dealing with Florida's Medical Malpractice Act, sections 766.201-766.212, Florida Statutes, which includes pre-suit requirements. "Florida courts are required to construe the Medical Malpractice Act so as not to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses." Id. at 286 (citation omitted). The same reasoning is applicable here. We construe the statute as simply imparting a pre-suit condition, rather than a statute of limitations.
At the time that Russo presented the claim to the mayor, seven months had elapsed (six months between the time of the citation and the first challenge in circuit court, and one month between the last order of our court affirming the trial court's order affirming the violation and the presentation of the claim to the mayor), tolling the clock for the period that Russo had pursued relief in the courts.
Section 70.001(4)(a) mandated that Russo was required to wait another 180 days from October 10, 2002, before he could file suit. The statute compels the governmental entity to make a written settlement offer within this time-frame, unless the parties agree to extend. Dania responded with its written settlement offer on April 7, 2003, just within the mandated period. Russo did not accept the settlement offer, instead choosing to go to court, which he did once the 180 days had expired.
Under section 95.11(3)(f), Florida Statutes, Russo had four years to file his complaint under the Harris Act. The date of actual filing was February 6, 2004, more than six months before the four-year period ended on August 31, 2004.
Therefore, the final judgment of dismissal is reversed, and we remand for further proceedings.
GROSS, J. and SCOLA, JACQUELINE, Associate Judge, concur.