PER CURIAM.
Appellants, who were the plaintiffs below, have appealed from an adverse judgment in an action brought by them, as the lessors under a 99-year lease, against the lessee for damages for breach of the lease.
Plaintiffs had entered into a 99-year lease of certain property to the defendant in 1958. Thereafter, lessee assigned the lease, and the assignee constructed an apartment house thereon. The lease provided that such improvements would become property of the lessors, and contained provision for termination or cancellation of the lease upon default by the lessee.
Prior to filing the present suit for damages, the lessors proceeded by suit in equity for cancellation of the lease for alleged defaults, and obtained a favorable decree can-celling the lease and restoring them to possession of the improved property, and terminating the rights therein of the lessee and those claiming under the lessee. Damages were not sought in the equity suit, and the decree did not deal with the matter of damages.
The determinative question is whether the lessors, having failed to seek damages in the equity suit in which they sought and obtained cancellation of the lease, are thereby precluded from maintaining a subsequent action at law for damages. The trial court held the lessors could not maintain an action for damages. We hold that ruling was error and reverse, on authority of Wise v. Quina, Fla.App.1965, 174 So.2d 590.
In the cited case certain parties sued for and obtained injunctive relief in equity upon establishing unlawful invasion of their property. Damages were not sought in the equity suit, nor did the decree deal with the subject of damages. An action at law for damages was dismissed on summary judgment on the grounds that the equity suit operated to bar the law action by estoppel by judgment; that the filing of an action for damages amounted to splitting a single cause of action; and because full relief, including damages, could have been sought in the equity court, which had jurisdiction to render complete relief. On appeal therefrom to the district court of appeal in the *736 first district, the dismissal of the action for damages was reversed. In doing so the court of appeal pointed to the fact that damages were not sought in the equity suit or dealt with in the decree, and stated: “The nature of the relief prayed for in the equity suit is, of course, an important consideration in determining whether the final decree is res adjudicata as to the action at law.”
The basis on which the law action was dismissed in the instant case was substantially similar to that relied on by the trial court in Wise v. Quina, supra. We hold, as did the first district court of appeal in Wise v. Quina, that the plaintiff was entitled to maintain an action for damages in the circumstances presented.
The judgment appealed from is reversed and the cause remanded for further proceedings.
Reversed and remanded.