ANTOON, Judge.
Real Estate Corporation of Florida, N.V. (REC), appeals the trial court’s order granting appellee Donald F. Wright’s (Wright) motion for a protective order in proceedings supplemental to execution. The order effectively dismissed REC’s supplemental' proceeding to set aside an alleged fraudulent transfer from T.L. Dyer (“Dyer”) to Wright. In so ruling, the trial court found that a settlement agreement previously filed in the United States Bankruptcy Court barred REC’s claim against Dyer. We reverse.
REC sued Dawn Developers, Inc. (Dawn), Murray M. Golub (Golub), and Dyer, for several causes of action including breach of contract and fraud. The lawsuit resulted in judgments against Dawn for $2,504,545, and against Golub and Dyer for $2,717,920. When the judgments were not paid, the trial court granted REC the right to pursue supplemental proceedings to collect the sums owed. As a part of these supplemental proceedings, REC was permitted to implead Wright in an effort to set aside the following alleged fraudulent transfers to Wright from Golub and Dyer:
1) Murray M. Golub’s twenty-five percent (25%) interest in One Million ($1,000,-000) Promissory Note from Lando Development Company to “Donald F. Wright, Trustee,” dated December 10, 1984.
2) Thomas L. Dyer’s twenty-five percent (25%) interest in One Million ($1,000,-000) Promissory Note from Lando Development Company to “Donald F. Wright, Trustee,” dated December 10, 1984.
At approximately the same time the trial court permitted REC to implead Wright, Go-lub filed Chapter 7 bankruptcy proceedings. In response to the bankruptcy petition, REC filed an amended complaint in the bankruptcy court objecting to Golub’s discharge. REC also sought to set aside certain fraudulent transfers, including Golub’s transfer to Wright of his 25% interest in the Lando note.
A settlement agreement which provided for settlement with all defendants except Go-lub was subsequently reached by the defen *368 dants and the trustee. The settlement was approved by the bankruptcy court, and REC stipulated to the dismissal with prejudice of the relevant portion of its amended complaint.
REC thereafter continued its efforts to collect on the judgments against Golub and Dyer. In so doing, REC noticed Wright for deposition. Wright moved for a protective order. The trial court granted the motion, explaining:
[T]he parties have previously settled any and all claims concerning alleged fraudulent transfers by way of that certain Settlement Agreement dated August 18, 1992, filed in the United States Bankruptcy Court ...
REC appeals this ruling, arguing that it was error for the trial court to base its de facto dismissal of the supplemental proceedings on the settlement agreement and stipulated dismissal in Golub’s bankruptcy case. We agree. The language of the settlement agreement and stipulated dismissal do not extinguish REC’s claim against Wright for the alleged fraudulent transfer from Dyer. Dyer was not a party to the bankruptcy proceeding, nor was his interest in the note a subject of the proceeding. Moreover, the bankruptcy court had no authority to release REC’s claim against Dyer concerning the transfer of funds to Wright because the trustee’s authority extended only to Golub’s, not to Dyers’s, property. Accordingly, the settlement agreement and stipulated dismissal do not foreclose REC’s claim to the 25% interest in the note which Dyer allegedly fraudulently transferred to Wright.
Furthermore, REC’s claim against Wright based on the transfer of Dyer’s interest is not barred by the doctrines of collateral estoppel or res judicata. In this regard, an essential requirement of the doctrine of collateral estoppel is that there be an identity of issues. Stogniew v. McQueen, 656 So.2d 917, 920 (Fla.1995). Here, since the bankruptcy proceeding involved Golub’s transfer of his interest in the note, and the instant proceeding involves Dyer’s transfer of his interest in the note, the element of identity of issues is absent. Similarly, res judicata bars a subsequent action between the same parties on the same cause of action where the two suits are based on the same or identical causes of action. Albrecht v. State, 444 So.2d 8, 12 (Fla.1984). Since the bankruptcy suit and the instant lawsuit involve two separate causes of action — namely, the transfer of Go-lub’s interest and the transfer of Dyer’s interest — the doctrine of res judicata does not apply.
In closing, we reject Wright’s suggestion that this court must nevertheless affirm the trial court’s ruling due to REC’s failure to provide this court with a transcript because our review of this matter has not been hampered by the absence of a transcript. The settlement agreement in this case is unambiguous and its meaning can be determined from the four comers of the document. Fecteau v. Southeast Bank, N.A., 585 So.2d 1005, 1007 (Fla. 4th DCA 1991).
REVERSED.
DAUKSCH and COBB, JJ., concur.