807 So.2d 703 (2002)
PALM AFC HOLDINGS, INC., a Florida corporation, Appellant,
v.
PALM BEACH COUNTY, a political subdivision of the State of Florida, George Webb, in his capacity as Palm Beach County Engineer and not Individually, and Minto Communities, Inc., Appellees.
No. 4D00-4493.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
Rehearing Denied February 28, 2002.
Brian B. Joslyn and Ronald E. Crescenzo of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellant.
Michael D. Joblove and Nina Greene Kersh of Genovese Lichtman Joblove & Battista, and John H. Schulte of Schulte & Bisbing, Miami, for appellee Minto Communities, Inc.
*704 POLEN, C.J.
Appellant Palm AFC Holdings, Inc. timely appeals the Circuit Court's entry of Judgment on the Pleadings in favor of Minto Communities. We find the Circuit Court's entry of Judgment on the Pleadings based on res judicata was error, and accordingly, reverse.
Our review of the record reveals the Judgment on the Pleadings was based on res judicata, regarding this court's earlier opinion in Palm AFC Holdings, Inc. v. Minto Communities, Inc., 766 So.2d 436 (Fla. 4th DCA 2000)[1]. Our prior opinion merely addressed the legal viability of appellant's damage claims against Palm Beach County. Appellant had attempted to appeal the Circuit Court's dismissal of Counts 1 through 4 of its complaint, its damage claims against Palm Beach County. We held appellant's appeal was untimely, and dismissed the appeal for lack of jurisdiction.
We hold the Circuit Court erred in finding appellant's damage claims against appellee Minto were barred by res judicata. In order for res judicata to apply four identities must be present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality or capacity of the persons for or against whom the claim is made. State of Wisconsin on Behalf of North v. Martorella, 670 So.2d 1161, 1162 (Fla. 4th DCA 1996). We find the instant case fails to meet the identity of parties test, where our prior decision merely addressed appellant's claims against the County.
We also reject appellee's request that we affirm the Judgment on the Pleadings on the grounds of collateral estoppel. Collateral estoppel may be employed where two causes of action fail to meet the identity test, but the other identities are present, i.e., identity of parties and issues. See Brown v. State, 397 So.2d 320, 322 (Fla. 2d DCA 1981). As discussed, supra, the instant case fails to meet the identity of parties test.
We accordingly reverse and remand for further proceedings.
REVERSED and REMANDED.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] Minto, as an interested party, had moved to have the appeal against Palm Beach County dismissed. Id. at 437 n. 1.