FARMER, C.J.
In dismissing the complaint with prejudice, the trial court concluded that, because of chapter 400, the Personal Representative (PR) could not plead a cause of action in common law negligence against a nursing home. We reverse.
The initial complaint sought damages for injuries to Grushka suffered during his 14-day stay in 1999 at defendants’ nursing home. It included a count for Chapter 400 violations, as well as a count for common law negligence. On defendants’ motion, the trial court dismissed the common law negligence count. An amended complaint was then filed, pleading only statutory claims. Later, defendants moved to dismiss a third amended complaint, and the trial court entered an order granting the motion with prejudice.
On appeal, the PR argues that the dismissal of the common law negligence claim, without granting leave to amend it, was legal error. A trial court’s refusal to allow amendment of a pleading is an abuse of discretion unless (among other reasons not pertinent) leave to amend is futile. Video Indep. Med. Examination, Inc. v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001); Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993).
In this instance the refusal to allow amendment was apparently based on the trial judge’s conclusion that the former chapter 400 represents the exclusive remedy for patients against nursing homes. But as the court held in Villazon v. Prudential Health Care Plan Inc., 843 So.2d 842, 852 (Fla.2003), the chapter 400 remedies “do[ ] not ... preclude the right to bring a common law negligence claim based upon the same allegations.” We conclude that the PR should have been allowed to replead the common law negligence claim. Fla. R. Civ. P. 1.190(a) (leave to amend shall be freely given when justice so requires); N. Am. Speciality Ins. Co. v. Bergeron Land Dev., Inc., 745 So.2d 359, 362 (Fla. 4th DCA 1999) (leave to amend shall be liberally granted); Estate of *290 Sharp v. Omnicare, Inc., 879 So.2d 34, 37 (Fla. 5th DCA 2004) (same).
REVERSED.
KLEIN and STEVENSON, JJ., concur.