944 So.2d 1008 (2005)
Edmund ACCARDI, Appellant,
v.
HILLSBORO SHORES IMPROVEMENT ASSOCIATION, INC., Mary Clince, Mary Clince Saavedra, Rick McKenna, Stephen Schorr, Linda Hammett, Helene Passin, Jacqueline Glaff, Paul Fecteau, Paul Schlegel, Cheryl Prachal, Unknown Directors of Hillsboro Shores Improvement Association, Inc., Brian Mead, Shawn Titcombe, Daniella Howard, Hugh Rappa, Lyn Simross, and Susanna Wilken, Appellees.
No. 4D04-2333.
District Court of Appeal of Florida, Fourth District.
September 7, 2005.
*1010 Romney C. Rogers of Rogers, Morris & Ziegler, Fort Lauderdale, for appellant.
Alan S. Rosenberg of Koleos, Rosenberg, Metzger & Doyle, P.A., Fort Lauderdale, for appellees.
POLEN, J.
This appeal arises from a final judgment dismissing with prejudice Edmund Accardi's third amended complaint for nuisance and trespass against Hillsboro Shores Improvement Association ("the Association" or "HSIA") and its individual directors. We affirm in part and reverse in part.
Accardi has been a homeowner in the Hillsboro Shores subdivision of Pompano Beach since 1998. The Association is a Florida not-for-profit corporation owning a lot adjacent to Accardi's lot. The Association's lot connects Bay Drive to a wooden footbridge leading to the public beach. The deed contains the following restrictive covenant:
The above described lands are conveyed subject to the following restrictions: (1) said lands shall be used only for access to and from the beach, and in no event for any commercial or monetary profit purpose. No building or buildings shall be erected on said lands; (2) all the property owners of lots in Hillsboro Shores Section A, B & C and those that may own the same in the future, shall have the use of the above described premises.
Prior to the present lawsuit, Accardi filed three prior cases against the Association. The first case, filed in 1999, resulted in a March 31, 2002, Final Declaratory Judgment, granting him both declaratory and injunctive relief, holding that the Association's lot and wooden footbridge shall be used only for access to and from the beach and reasonably related purposes. Additionally, the Association was ordered not to use or permit the property to be used for parties, meetings, or social gatherings of any kind, nor for commercial or *1011 monetary profit purposes. The Association was ordered not to construct or maintain any improvement which would facilitate or encourage any use other than beach access and was ordered to remove the barbeque pit, tables, and table seating. The trial court retained jurisdiction to enforce the order and to enter any additional, coercive, supplemental, or subsequent orders under section 86.011, Florida Statutes (2001). Subsequently, Accardi filed an administrative action against Hillsboro to remove a wooden walkway allegedly encroaching his property. Accardi prevailed and on April 14, 2003, Hillsboro stipulated to the removal of the walkway. Finally, Accardi filed an action against the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida for formal legal title to the beachfront property.
On April 28, 2004, Accardi filed the Third Amended Complaint in the current action, alleging causes of action for nuisance and trespass against both the Association and the individual directors. The complaint provides a detailed history of the aforementioned lawsuits. In the present action, Accardi seeks monetary damages for the nuisance and trespass alleged to have been brought upon him, including costs and attorney's fees he incurred from the previous equitable actions.
After a hearing, the lower court granted the motion to dismiss the Third Amended Complaint with prejudice, finding that the same parties or their privies to this action had previously litigated the action, that the same issues were previously fully litigated, and that the same issues were determined by the court previously in the March 31, 2002 Final Declaratory Judgment. The trial court also determined that the complaint does not allege any new issues necessary to establish a claim or defense for trespass or nuisance, thus barring Accardi's new suit by collateral estoppel.
Accardi argues that the trial court erred by dismissing the complaint with prejudice based on collateral estoppel and/or res judicata. The standard of review of a motion to dismiss is de novo. Royal & Sunalliance v. Lauderdale Marine Center, 877 So.2d 843, 845 (Fla. 4th DCA 2004).
First, we reject Accardi's contention that the trial court improperly dismissed the complaint with prejudice because the court was forced to venture outside of the four corners of the complaint.[1] "In reviewing a motion to dismiss, a trial court is limited to the four corners of the complaint, and it must accept all the allegations in the complaint as true." Royal & Sunalliance, 877 So.2d at 845 (citations omitted). According to Accardi, the trial court went outside of the four corners of the complaint by stating at the hearing that Accardi did not ask for damages for nuisance and trespass in prior cases, but only sought and was granted an abatement, injunction, *1012 and declaratory judgment, for the same nuisance and trespass. We disagree, finding that Accardi pled and discussed the previous proceedings in the complaint in specific detail, providing the trial court with sufficient history of the litigation to analyze the issues of collateral estoppel and res judicata.
Second, we conclude that res judicata and collateral estoppel do not bar Accardi's present suit for damages. In order for res judicata to bar subsequent claims, four identities must be established: "`(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made.'" Freehling v. MGIC Fin. Corp., 437 So.2d 191, 193 (Fla. 4th DCA 1983) (citation omitted). The suit is not barred by res judicata because the nuisance and trespass claims do not share identity of cause of action or identity in the thing sued for with the prior equitable claims. "The presence of [identity of cause of action] is a question of `whether the facts or evidence necessary to maintain the suit are the same in both actions.'" Tyson v. Viacom, Inc., 890 So.2d 1205, 1209 (Fla. 4th DCA 2005)(en banc) (citations omitted). In this case, the facts and evidence necessary to prove Accardi's present claims for nuisance and trespass are not identical to those necessary to prove his prior equitable claims. Furthermore, identity in the thing sued for is lacking in this case based on the following rationale from Inter-Active Services, Inc. v. Heathrow Master Ass'n, 809 So.2d 900 (Fla. 5th DCA 2002):
In Inter-Active I, "the thing sued" for was an injunction against Heathrow's threatened breach of the parties' contract, whereas "the thing sued" for here was money damages sustained by Inter-Active as a result of Heathrow's actual breach of contract. The instant damages arose after trial in Inter-Active I. The facts and evidence necessary to prove Inter-Active's breach of contract claims are different from the facts and evidence which were necessary to prove Inter-Active's claim for injunctive relief and thus, an identity of the "thing sued for" does not exist in this case.
Id. at 902-03. Likewise, in the present case, the thing sued for in the past was equitable relief to prevent the continued violation of the restrictive covenant by HSIA, while the thing sued for now is monetary damages based on nuisance and trespass stemming from the impact of HSIA's violation of the restrictive covenant on Accardi's property rights.
Additionally, Accardi's claims for nuisance and trespass are not barred by collateral estoppel. "Collateral estoppel may be employed where two causes of action fail to meet the identity test [of res judicata], but the other identities are present, i.e., identity of parties and issues." Palm AFC Holdings, Inc. v. Palm Beach County, 807 So.2d 703, 704 (Fla. 4th DCA 2002). Determining identity of issues requires a similar analysis to determining identity of causes of action under res judicata. See Real Estate Corp. of Fla., N.V. v. Dawn Developers, Inc., 677 So.2d 366, 368 (Fla. 5th DCA 1996). In this case, identity of issues is lacking between the present claims for nuisance and trespass and the past claims for equitable relief. The equitable claims addressed the issues of what HSIA was permitted to do with the community lot adjacent to Accardi's under a restrictive covenant contained in the subdivision's deed restrictions and curtailing actions by HSIA deemed to be in conflict with that covenant. The nuisance and trespass claims raise the issue of whether HSIA's actions interfered with *1013 Accardi's property rights so as to entitle him to monetary damages.
These conclusions regarding res judicata and collateral estoppel are supported by Fell v. Jonas, 183 So.2d 735 (Fla. 3d DCA 1966), in which lessors filed a suit in equity for cancellation of a lease, did not seek monetary damages in the suit, and obtained a decree canceling the lease. Id. at 735. The lessors subsequently filed a suit for breach of lease, seeking monetary damages. Id. The trial court concluded that the lessors were precluded from bringing the subsequent action by failing to seek damages in the equity proceeding. Id. The Third District reversed, relying on Wise v. Quina, 174 So.2d 590 (Fla. 1st DCA 1965). Fell, 183 So.2d at 735. The court wrote the following about Quina:
In the cited case certain parties sued for and obtained injunctive relief in equity upon establishing unlawful invasion of their property. Damages were not sought in the equity suit, nor did the decree deal with the subject of damages. An action at law for damages was dismissed on summary judgment on the grounds that the equity suit operated to bar the law action by estoppel by judgment; that the filing of an action for damages amounted to splitting a single cause of action; and because full relief, including damages, could have been sought in the equity court, which had jurisdiction to render complete relief. On appeal therefrom to the district court of appeal in the first district, the dismissal of the action for damages was reversed. In doing so the court of appeal was pointed to the fact that damages were not sought in the equity suit or dealt with in the decree, and stated: `The nature of the relief prayed for in the equity suit is, of course, an important consideration in determining whether the final decree is res adjudicata as to the action at law.'
Fell, 183 So.2d at 735.
Third, we hold that Accardi is precluded from seeking, as part of his damages in the present litigation, his attorney's fees from the prior declaratory and injunctive action. Accardi could have and should have sought fees as part of the previous actions as the prevailing party pursuant to the declaratory judgment statute, section 86.011, Florida Statutes (2001).
Fourth, we hold that the causes of action against the directors are not barred by the statutes providing for immunity from civil liability for officers and directors of not-for-profit corporations and associations absent criminal activity, fraud, self-dealing, or unjust enrichment. See §§ 617.0831, 617.0834(1), Fla. Stat.; see also Munder v. Circle One Condo., Inc., 596 So.2d 144 (Fla. 4th DCA 1992) (holding that an alleged obvious wrong did not pierce the officer's insulation from liability, although "[f]raud, self-dealing, unjust enrichment and betrayal of trust, may well result in individual liability.")
In the present case, Accardi's claims against the directors for nuisance and trespass include allegations which are sufficient to pierce the directors' insulation from civil liability. Those allegations are as follows:
32.c.1. By knowingly and in bad faith using the beach access personally or for friends or family for a party venue as described in paragraph 19 in violation of Deed restrictions.
32.d. By misinforming and committing fraud on the members of HSIA in order to collect funds to retaliate against your Plaintiff and by falsely stating to those members that your Plaintiff was attempting to close the beach access.

*1014 54.c. By knowingly and in bad faith using the Plaintiff's property personally or for friends or family and without Plaintiff's consent for unreasonably loud with vulgar language parties.
54.d. By misinforming and committing fraud on the members of HSIA in order to collect funds to retaliate against your Plaintiff and by falsely stating to those members that your Plaintiff was attempting to close the beach access.
The allegations in paragraph 32.c.1 and paragraph 54.c. may be interpreted as claims of unjust enrichment and the allegations in paragraph 32.d. and 54.d. may be interpreted as claims of fraud and/or betrayal of trust. Either of these claims would produce the directors from behind the immunity shield, despite the protections afforded by sections 617.0831 and 617.0834(1). Therefore, we hold that the causes of action against the individual directors are not barred by the statutes providing for immunity from civil liability for officers and directors of not-for-profit associations.
Based on the foregoing, we reverse in part the final judgment dismissing Accardi's third amended complaint with prejudice. However, we affirm the dismissal with prejudice with regard to Accardi's request for attorney's fees from the prior actions. Lastly, we hold that Accardi's claims against the directors include allegations which are sufficient to pierce the directors' insulation from civil liability.
Affirmed in Part; Reversed in Part.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] As this court recently held:

[G]enerally, collateral estoppel is an affirmative defense which must be raised in an answer. See Palmer v. McCallion, 645 So.2d 131, 133 (Fla. 4th DCA 1994)("Res judicata and collateral estoppel are affirmative defenses that ordinarily must be pled in an answer or similar pleading."). An exception is made, however, where the face of the complaint is sufficient to demonstrate the existence of the defense. See Duncan v. Prudential Ins. Co., 690 So.2d 687, 688 (Fla. 1st DCA 1997) (affirming dismissal on grounds of res judicata and estoppel by judgment where appellant had specifically incorporated into her complaint the previous proceedings).
Norwich v. Global Fin. Assocs., LLC, 882 So.2d 535, 536-37 (Fla. 4th DCA 2004) (quoting Bess v. Eagle Capital, Inc., 704 So.2d 621, 622 (Fla. 4th DCA 1997)) (emphasis added).