ORFINGER, J.
 

 Alvin B. Olesh appeals the trial court’s order denying his motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b). Olesh’s motion sought relief from an attorney’s fees award entered against him, and in favor of Patricia Greenberg and her former attorney, Mark P. Lang. We reverse.
 

 On Greenberg’s motion, the trial court granted a summary final judgment against Olesh. On appeal, this Court reversed the summary judgment on the ground that the trial court should have allowed Olesh to offer new evidence in support of his motion for rehearing and amend his complaint following discharge of his counsel after the hearing on the motion for summary judgment.
 
 See Olesh v. Greenberg,
 
 978 So.2d 238 (Fla. 5th DCA 2008). After the summary final judgment was entered, but while the appeal was pending, Greenberg filed a motion for attorney’s fees and costs against Olesh. The motion was based on the trial court’s
 
 sua sponte
 
 determination at the hearing on Greenberg’s motion for summary judgment that Olesh was liable for Greenberg’s attorney’s fees under section 57.105, Florida Statutes (2007), and Olesh’s failure to accept a proposal for settlement served on him pursuant to section 768.79, Florida Statutes (2007), and Florida Rule of Civil Procedure 1.442. The trial court granted Greenberg’s motion and entered a final judgment against Olesh in the amount of $115,423, including fees and costs.
 

 Olesh, who was unrepresented at the time, did not appeal that judgment. However, several days after this Court reversed the summary judgment against him (and less than one year after its entry), Olesh filed a rule 1.540(b) motion for relief from judgment, seeking to have the trial court set aside the fee award. Olesh argued that the fee judgment should be vacated because the underlying summary final judgment had been reversed. Following a hearing, the trial court denied the motion and this appeal followed.
 

 Under the circumstances of this case, we agree that this matter should be reversed and remanded for the trial court to reconsider the attorney’s fee award in light of our prior decision.
 
 See
 
 Fla. R. Civ. P.
 
 *46
 
 1.540(b). Our decision is without prejudice to Greenberg again seeking attorney’s fees if her proposal for settlement entitles her to attorney’s fees, or to fees under section 57.105 if adequately supported by findings of fact.
 

 REVERSED and REMANDED.
 

 GRIFFIN and COHEN, JJ., concur.