McINTOSH, DONNA L., Associate Judge.
Alvin B. Olesh appeals the summary final judgment entered by the trial court in favor of Patricia Greenberg on Olesh’s claims for replevin of personal property and injunctive relief. Determining that res judicata, collateral estoppel, and merger do not preclude Olesh from pursuing his claims, we reverse.
Olesh and Greenberg were first brought to this court’s attention in a complaint filed in 2005 by Olesh against Greenberg seeking partition of residential real property, creation of a constructive trust, and damages for unjust enrichment with respect to real property and a brokerage account. See Olesh v. Greenberg, 9 So.3d 44 (Fla. 5th DCA 2009); Olesh v. Greenberg, 978 So.2d 238 (Fla. 5th DCA 2008). During the 2005 litigation, Olesh and Greenberg entered into a Stipulation as to Personalty regarding Olesh’s personal property which was in Greenberg’s possession. The Stipulation provided for the procedures to be used by Olesh to identify and to remove the personal property held by Greenberg. The trial court entered an Agreed Final Order on Personalty incorporating the parties’ stipulation.
Pursuant to the terms of the stipulation, Olesh was granted access to the storage facility where Greenberg purportedly had been storing his property. Upon entry, *562 Olesh discovered that a significant portion of his personal property was missing and that the remaining personal property was damaged. Olesh thereafter filed a complaint in the instant case seeking monetary damages for conversion, trespass to chattels, negligence, breach of contract, replev-in, and injunctive relief as an alternative to replevin. Greenberg filed an answer and affirmative defenses asserting, among other defenses, that Olesh was estopped, both collaterally and by the doctrine of res judi-cata, from bringing those claims because they should have been brought in the 2005 action.
Greenberg filed a motion for summary judgment, asserting that the issues raised in the instant action are the same issues as those previously raised and adjudicated in the 2005 action; therefore, the issues raised in the instant case were precluded by the doctrines of res judicata, collateral estoppel, and merger. Olesh responded by filing an affidavit in which he stated that he did not become aware that Green-berg had damaged, destroyed, or stolen his personal property until December 2006, when he attempted to retrieve his personal property from the storage facility.
The trial court entered summary judgment in favor of Greenberg, ruling as follows:
[Wje’re dealing with an action, this action, that is merged, that is barred by res judicata, as well as the doctrine of collateral estoppel.
We disagree.
The claims raised in the instant complaint had not yet accrued when the 2005 action was filed. Therefore, the doctrines of collateral estoppel, res judicata, and merger do not preclude Olesh from pursuing his claims as to the in rent possessory component of the replevin claim in count IV and the equitable claim for injunctive relief in count V of his complaint.[1] See Gilbert v. Florida Power & Light Co., 981 So.2d 609, 614 (Fla. 4th DCA 2008) (holding that under the rule against splitting a cause of action, a new claim for damages is not barred if the underlying cause of action had not accrued at the time of filing the previous lawsuit). Accordingly, the trial court’s summary judgment order is reversed.
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.

. The remaining claims raised by Olesh in the instant complaint were discharged in bankruptcy during the pendency of this appeal,