NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN P. HARLLEE IV and SCOTT A.　　　)
HARLLEE, as trustee of the Scott A.　　　)
Harllee Revocable Trust,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellants,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D13-5409
　　　　　　　　　　　　　　　　　　　　)
JOSEPH G. PROCACCI,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　　　)
_____ )

Opinion filed November 5, 2014.

Appeal from the Circuit Court for Collier
County; Cynthia A. Pivacek, Judge.

Monterey Campbell, Kristie Hatcher-Bolin,
and William Roberts of Grayrobinson, P.A.
Lakeland, for Appellants.

Jeffrey D. Fridkin and Michael T. Traficante
of Grant Fridkin Pearson, P.A., Naples, for
Appellee.

MORRIS, Judge.

　　　　　　John P. Harllee IV and Scott A. Harllee, as trustee of the Scott A. Harllee

Revocable Trust, appeal a final summary judgment entered against them in their action

for restitution against Joseph G. Procacci.  The Harllees argue that the trial court erred

in ruling that the doctrine of res judicata and the rule against splitting causes of action

prevented the Harllees from bringing a restitution action against Procacci. We agree and reverse the decision of the trial court.

I. Facts

The Harllees and Procacci were shareholders in Harllee Packing, Inc. In 2006, the Harllees filed an action against Procacci for specific performance of the shareholder agreement, claiming that Procacci had received a bona fide offer from a third party to purchase 760 shares in the company from Procacci; that the Harllees wished to exercise their right under the agreement to purchase those shares; and that Procacci refused to sell the shares to the Harllees as required by the agreement. In 2008, the trial court ruled in favor of the Harllees and required Procacci to sell the shares to the Harllees. Procacci appealed the final judgment, and this court affirmed the final judgment in 2009. The Harllees then filed a motion for supplemental relief in that first action, claiming that Procacci owed the Harllees $396,000 in proceeds from a dividend distribution made on the shares by the company in 2007, after the Harllees had asserted their right to purchase those shares from Procacci. The trial court denied the Harllees' motion for supplemental relief, and this court per curiam affirmed the trial court's denial in 2010.

In 2011, the Harllees filed a second action against Procacci for restitution, claiming that Procacci was unjustly enriched by accepting the dividend distribution in 2007 when he knew that the Harllees were claiming equitable and legal ownership of the shares and that the ownership rights had not yet been determined. The Harllees alleged that Procacci should have placed the shares in escrow pending the judicial determination of ownership. Procacci moved for summary judgment, arguing that the

Harllees' claim for restitution was barred by res judicata and the rule against splitting causes of action. The trial court agreed with Procacci and entered a final summary judgment against the Harllees, which the Harllees now appeal.

II. Analysis

On appeal, the Harllees argue that the rule against splitting causes of action does not bar their action for restitution against Procacci because the claim was not viable until a judicial determination had been made regarding their right to purchase the shares and they tendered the payment for the shares. The rule against splitting causes of action " 'requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all.' " Tyson v. Viacom, Inc., 890 So. 2d 1205, 1210-11 (Fla. 4th DCA 2005) (emphasis omitted) (quoting Froman v. Kirkland, 753 So. 2d 114, 116 (Fla. 4th DCA 1999)). But "under the rule against splitting a cause of action, a new claim for damages is not barred if the underlying cause of action had not accrued at the time of filing the previous lawsuit." Gilbert v. Fla. Power & Light Co., 981 So. 2d 609, 614 (Fla. 4th DCA 2008). "The rule does not require the joinder of a cause of action that is not 'available' because it has *not accrued* with a cause of action that has accrued." Larson & Larson, P.A. v. TSE Indus., Inc., 22 So. 3d 36, 47 n.7 (Fla. 2009).

The Harllees' first action was based on Procacci's refusal to sell his shares to the Harllees when he received a bona fide offer from a third party, in violation of the terms of the shareholder agreement, whereas the Harllees' second action was based on Procacci's retention of the 2007 dividends paid on those shares by the company. The two actions are based on two different acts by Procacci. See Scovell v. Delco Oil Co.,

798 So. 2d 844, 846 (Fla. 5th DCA 2001) (holding that "the failure to install the new petroleum lines which led to the [first] eviction [action] was an act separate from the subsequent failure to remove the petroleum equipment" which led to the second action for breach of lease and damages).

Moreover, the Harllees' second action had not yet accrued in 2006 when the Harllees filed their first action against Procacci. See Gilbert, 981 So. 2d at 614 (holding that claims against power company for damages caused by noise from transformer and its subsequent removal had not accrued at the time plaintiffs filed first action against power company to move transformer); see also Olesh v. Greenberg, 138 So. 3d 561, 562 (Fla. 5th DCA 2014) (relying on Gilbert and holding that "[t]he claims raised in the instant complaint" were not barred because they "had not yet accrued when the [first] action was filed"). The Harllees' second action did not accrue until Procacci received the dividends paid on those shares and withheld them from the Harllees *and* a final judicial determination had been made regarding the Harllees' rights to purchase those shares. Until the final judgment in the first action was affirmed on appeal, it was possible that the Harllees did not have a right to purchase the shares and therefore did not have a right to the 2007 dividends it now seeks in the second action. See Larson & Larson, P.A., 22 So. 3d at 47-48 (holding that claim for legal malpractice based on a sanctions judgment entered against client did not accrue until the sanctions litigation was settled because "[u]ntil then, it was possible that an appeal in the sanctions litigation would produce an outcome favorable to [the client]"); Cazares v. Church of Scientology of Cal., Inc., 444 So. 2d 442, 447 (Fla. 5th DCA 1983) (holding that party's claim for malicious prosecution did not accrue until appeal was concluded in

-4-

that party's favor in the underlying prosecution).  We note that in this case, the application of the rule against splitting causes of action would serve no purpose but to convenience Procacci, the alleged wrongdoer.  See Rosenthal v. Scott, 150 So. 2d 433, 439 (Fla. 1961) (noting that the "[t]he underlying reason for the rule against splitting a cause of action is salutary" and that the rule "should not be declared rigid, inflexible and inexorable when such declaration would in many, many instances, for the sake only of convenience to a putative wrongdoer, defeat the ends of justice").

Even though the Harllees did not impermissibly split their causes of action, we must separately consider their argument that the doctrine of res judicata does not apply because there had been no prior judicial consideration of the Harllees' restitution claim.  See Tyson, 890 So. 2d at 1211 ("Res judicata and impermissible splitting of causes of action are not interchangeable concepts barring the bringing of claims. . . . [T]he rule against splitting causes of action is only an aspect of res judicata . . . .").  "The doctrine of res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made."  Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004).

While the third and fourth identities listed above are present in both actions, the first and second identities are not present in both actions.  In the first action, the thing sued for was the right to purchase the shares, while in the second action, the thing being sued for is the amount of the dividends paid on those shares in 2007 and withheld by Procacci.  In addition, the cause of action in the first action was for violation of the shareholder agreement based on Procacci's refusal to sell the shares to the

Harllees.  In the second action, the cause of action is for restitution to recover the dividends paid on the shares and withheld by Procacci.  The facts and evidence that are necessary to prove the restitution action are different than the facts and evidence that were necessary to prove the claim for violation of the shareholder agreement.  See Smith v. Time Customer Servs., 132 So. 3d 841, 844 (Fla. 1st DCA 2013) ("The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." (citing Gordon v. Gordon, 59 So. 2d 40, 40 (Fla. 1952))); Gilbert, 981 So. 2d at 614 (holding that the facts necessary to prove injunction and claim for damages are different and therefore "[t]he two complaints . . . d[id] not meet the required identities of the thing sued for and cause of action that must be established for res judicata").

Procacci argues that the Harllees' restitution claim is barred by res judicata because it *could* have been raised in the first action before the trial in that action took place.  See Gordon, 59 So. 2d at 44 ("[U]nder res adjudicata a final decree of judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or *could have been raised* . . . ." (emphasis added)).  But a claim is not barred by res judicata simply because it could have been raised in the first action if it does not otherwise meet the four identities required by the doctrine.  Cf. Livingston v. Frank, 39 Fla. L. Weekly D1577 (Fla. 2d DCA July 30, 2014) (holding that res judicata barred landowner's action for interest earned on funds deposited into court registry by the city in earlier eminent domain case because interest was an issue that was framed by the pleadings in the eminent domain case and could have been litigated with the full compensation issues in

-6-

that first case); <u>Jasser v. Saadeh</u>, 103 So. 3d 982, 983-85 (Fla. 4th DCA 2012) (holding that action by children, in their capacity as trustees, to determine the validity of the trust was barred by res judicata because it could have been raised in the first action in which the children sought a declaratory judgment as to the validity of the trust *and* all four identities of res judicata were present in both actions).

Because the doctrine of res judicata and the rule against splitting causes of actions do not apply in this case, the trial court erred in entering summary judgment in favor of Procacci on the Harllees' claim for restitution. Accordingly, we reverse the the final summary judgment and remand for further proceedings.

Reversed and remanded.

SILBERMAN and SLEET, JJ., Concur.