666 So.2d 171 (1995)
SARASOTA WELFARE HOME, INC., a nonprofit corporation under the laws of the State of Florida, Appellant,
v.
CITY OF SARASOTA, a municipal corporation of Florida, Appellee.
No. 94-04040.
District Court of Appeal of Florida, Second District.
November 29, 1995.
Rehearing Denied December 26, 1995.
*172 Paul R. Linder of Griffin & Linder, P.A. Orlando, co-counsel for Appellant; and Robert P. Scheb of Drymon, Scheb & Toale, P.A., Sarasota, co-counsel for Appellant; and Robert N. Reynolds of Robert N. Reynolds, P.A., Winter Park, co-counsel for Appellant.
Michael A. Connolly of Taylor, Lawless and Singer, P.A., Sarasota, for Appellee.
PER CURIAM.
Sarasota Welfare Home ("Sarasota Home") appeals a summary final judgment based on a determination that its inverse condemnation claim against the City of Sarasota ("City") is barred by the statute of limitations. Sarasota Home also seeks review of the denial of its motion for leave to amend the complaint. We affirm the trial court's ruling that the applicable statute of limitations for an inverse condemnation action is four years pursuant to section 95.11(3)(p), Florida Statutes (1991). However, we reverse the trial court's determination that the limitation period expired before Sarasota Home filed its inverse condemnation action.
Both parties stipulate to the pertinent facts. In 1970, the City buried a 36-inch sewer and wastewater outfall pipe in such a manner that it extended beyond the boundaries of the public easement created for that purpose and encroached onto the property owned by Sarasota Home. Both parties concede for purposes of the motion for summary judgment that the error was not discovered until April 1988 when Sarasota Home began constructing improvements to its property. As a result of the location of the pipe, the City refused to allow Sarasota Home to build improvements on its property as they were originally designed. On March 17, 1992, Sarasota Home filed an inverse condemnation action seeking damages for the real property taken by the encroachment, severance damages for the value of damage to the remainder and special damages for the expense of relocating buildings and improvements it had intended to build on the property lying above the encroaching sewer line.
The City filed a motion for summary judgment, asserting that the action was barred by a four-year statute of limitations pursuant to either section 95.11(3)(c) or 95.11(3)(p).[1] The trial court ruled that section 95.11(3)(p) barred Sarasota Home's cause of action and granted the City's motion for summary judgment. However, before the trial court entered the summary final judgment, Sarasota Home filed a motion for leave to amend the complaint to add a claim for trespass, seeking both damages and injunctive relief. While a motion for rehearing on the summary judgment was pending, a substitute judge denied the motion to amend. Subsequently, the original judge denied the motion for rehearing and entered a summary final judgment in favor of the City.
In this case, we are asked to determine what statute of limitations, if any, applies to an inverse condemnation action. We begin by rejecting the contention that inverse condemnation claims may not be subject to any statute of limitations. See Hillsborough County v. Kensett, 107 Fla. 237, 144 So. 393 (1932). However, we observe that the legislature has not prescribed a specific statute of limitation for inverse condemnation actions. Therefore, we agree with the trial court that this action must be controlled by the four-year provision applicable to "[a]ny action not specifically provided for in these statutes." § 95.11(3)(p). A more difficult question is when does this four-year period begin to run. The general rule, as set forth *173 in section 95.031, Florida Statutes (1991), is that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues" and that "a cause of action accrues when the last element constituting the cause of action occurs."
In this case, the trial court ruled that the elements of inverse condemnation are "a taking of private property, for a public purpose, without payment to the landowner for same." The trial court then determined that these elements occurred "in 1970, the year in which the pipe was built on the Plaintiff's property." We disagree.
Inverse condemnation is a cause of action by a property owner to recover the value of property that has been de facto taken by an agency having the power of eminent domain where no formal exercise of that power has been undertaken. City of Pompano Beach v. Yardarm Restaurant, Inc., 641 So.2d 1377 (Fla. 4th DCA 1994), review denied, 651 So.2d 1197 (Fla. 1995), and cert. denied, ___ U.S. ___, 115 S.Ct. 2583, 132 L.Ed.2d 832 (1995). And, a "taking" occurs when an owner is denied substantially all economically beneficial or productive use of the owner's land. Tampa-Hillsborough County Expressway Auth. v. A.G.W.S. Corp., 640 So.2d 54 (Fla. 1994). Furthermore, a determination of whether a taking has occurred rests on a factual inquiry that must be made on a case-by-case basis. We conclude that in this case the taking occurred in April 1988 when the discovery of the encroachment caused the property owner to be denied substantially all economically beneficial or productive use of a portion of its land by the City. We hasten to add that ordinarily the denial of a building permit or the refusal to approve proposed development plans constitutes an exercise of the police power for which a property owner may not be awarded compensation if the government followed valid procedures. That is not the situation before us. Here, it was the City's encroachment on the property of Sarasota Home that prevented Sarasota Home from being able to build its improvements as originally designed and permitted.
Having determined that the four-year period began to run in April 1988, we hold that the complaint filed by Sarasota Home on March 17, 1992, is not barred by the applicable statute of limitations. Our reversal of the summary final judgment reinstates the original complaint. Consequently, we also reverse the trial court's denial of Sarasota Home's motion for leave to amend and remand for reconsideration of that motion. Florida Rule of Civil Procedure 1.190(c) provides that leave of court to allow amendment shall be given freely when justice so requires.
Reversed and remanded for further proceedings.
THREADGILL, C.J., and CAMPBELL and FULMER, JJ., concur.
NOTES
[1] The motion for summary judgment also asserted the prescriptive easement defense. We do not discuss this defense because it was not a basis for the trial court's ruling.