PER CURIAM.
This appeal challenges an order dismissing the complaint of a trust beneficiary who challenges, among other things, a former trustee’s Final Accounting of the trust. The trial court dismissed Mr. May’s complaint on res judicata grounds. For the following reasons, we affirm in part and reverse in part.
“To rule on a motion to dismiss, a court’s gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true.” U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc., 861 So.2d 74, 76 (Fla. 4th DCA 2003). Typically affirmative defenses, like res ju-dicata in this case, cannot be properly considered on a motion to dismiss. See, e.g., Calder Race Course, Inc. v. Dep’t of Bus. & Prof'l Regulation, 838 So.2d 1241 (Fla. 1st DCA 2003) (reversing because “the affirmative defense of res judicata [was not] conclusively demonstrated within the four corners of the complaint”). There is an exception, however, when the face of the complaint and attachments demonstrate a defense’s unquestionable merit. See, e.g., Duncan v. Prudential Ins. Co., 690 So.2d 687, 688 (Fla. 1st DCA 1997).
In this case, the trial court dismissed the complaint, finding that Mr. May’s claims were “res judicata on the face of the complaint.” On appeal, this court granted ap-pellees’ motion to take judicial notice of prior cases involving Mr. May, the trust, and the trustees, after no response to the motion was filed.[1] See Lagarde v. Outdoor Resorts of Am,., Inc., 428 So.2d 669, 670 (Fla. 2d DCA 1982) (taking judicial notice of the record and affirming a res judicata-based dismissal).
Upon review of the record, we can find no basis for concluding that Mr. May has already litigated claims alleging “deficiencies” in the former trustee’s Final Accounting of the trust. See Compl. Count I, ¶¶ 12a-12f. In fact, the Final Accounting at issue here was not even completed until after the filing of the amended complaint in the previous litigation. For this reason, we reverse the trial court’s decision to dismiss all of Count I on the basis of res judicata.
We affirm, however, the trial court’s decision to dismiss allegations 12g, 12h, and 12i of Count I, and Count II of the Complaint. These claims allege “breaches” by the former trustee, Mr. Salter, which have already been litigated.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for proceedings consistent with this opinion.
CLARK, MAKAR, and OSTERHAUS, JJ., concur.

. See May v. Salter, 114 So.3d 941 (Fla. 1st DCA 2013); May v. Salter, 103 So.3d 149 (Fla. 1st DCA 2012); May v. Salter, 29 So.3d 295 (Fla. 1st DCA 2010); Chamberlain v. May, 36 So.3d 87 (Fla. 1st DCA 2009); Chamberlain v. May, 22 So.3d 540 (Fla. 1st DCA 2009).