NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


FRANCIS D. HUSSEY, JR. and MARY P.　)
HUSSEY, husband and wife, and　　　　)
WINCHESTER LAKES CORPORATION,　 )
a Florida corporation,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Appellants,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　　　 )　　Case No. 2D11-1224
　　　　　　　　　　　　　　　　　　　　　 )
COLLIER COUNTY, a political subdivision )
of the State of Florida,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Appellee,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
and　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
FLORIDA WILDLIFE FEDERATION, INC., )
and COLLIER COUNTY AUDUBON　　　 )
SOCIETY,　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Intervenors/Appellees.　　 )
_____ )

Opinion filed November 14, 2014.

Appeal from the Circuit Court for Lee
County; Hugh D. Hayes, Judge.

Margaret L. Cooper of Jones, Foster,
Johnston & Stubbs, P.A., West Palm
Beach, John G. Vega of John G. Vega,
P.A., Naples, and Ronald L. Weaver
and Barbara L. Wilhite of Stearns,

Weaver, Miller, Weissler, Alhadeff &
Sitterson, P.A., Tampa, for Appellants.

Jeffrey A. Klatzkow, County Attorney,
and Steven T. Williams, Assistant
County Attorney, of Collier County
Attorney's Office, Naples, and Jamie B.
Schwinghamer and Theodore L. Tripp,
Jr., of Hahn Loeser & Parks, LLP, Fort
Myers, for Appellee.

Thomas W. Reese, St. Petersburg, for
Intervenors/Appellees.

NORTHCUTT, Judge.

Francis and Mary Hussey sued Collier County claiming that the County's amendment of its comprehensive future land use plan destroyed any reasonable economic use of their land, a large, undeveloped acreage in a rural area known as North Belle Meade. They sought compensation under the Bert J. Harris Private Property Rights Act, § 70.001, Fla. Stat. (2007) (the Harris Act), and on a theory of inverse condemnation. The circuit court eventually dismissed both causes of action with prejudice. The Husseys challenge that ruling in this appeal. We reverse the dismissal of the Harris Act claim, but we affirm the dismissal of the inverse condemnation claim.

The Husseys purchased the 979 acres at issue between 1989 and 1991. The property was designated as agricultural, and mining was allowed as a provisional use under a 1982 Collier County ordinance and, later, under the County's

-2-

Comprehensive Land Use Plan adopted in 1989. The County enacted a Land Development Code in 1991, which also allowed mining on the Husseys' property if it was clearly incident to agriculture development. According to the Husseys' complaint, they hired a contractor and "engaged in other activities in pursuit of rock mining endeavors" in 2000.

However, in July 2002 the county amended its comprehensive plan to establish a Rural Fringe Mixed-Use District (RFMD) that included the Husseys' rural lands in the North Belle Meade area. Lands within the RFMD were given one of three use classifications: Receiving Lands, Sending Lands, or Neutral Lands. The designations relevant here are Receiving Lands, which are identified as the most appropriate for development, and Sending Lands, deemed to have the highest degree of environmental value and sensitivity. Mining is precluded and residential development is restricted in the Sending Lands. The Husseys' 979 acres were designated as Sending Lands. Years of litigation followed.

The Husseys challenged the Sending Lands designation in a September 2002 petition for formal administration with the Department of Community Affairs. In early 2003, an administrative law judge issued a recommended order concluding that Collier County's actions were in compliance with state and local law. The Department of Administrative Hearings approved the ALJ's recommended order in July 2003. The Husseys appealed to the First District Court of Appeal, which affirmed DOAH's final order, per curiam, on September 15, 2004. Hussey v. Collier Cnty., 883 So. 2d 281 (Fla. 1st DCA 2004) (table decision).

In July 2004, the Husseys gave the County notice that they would seek compensation under the Harris Act. See § 70.001(4)(a), Fla. Stat. (2004). On July 24, 2008, they filed an amended Harris Act notice. They filed suit in the circuit court asserting a claim under the Harris Act and a claim for inverse condemnation on September 11, 2008.

Before we discuss the pertinent issues in this case, we pause to note that this appeal is from a dismissal of the case. A motion to dismiss tests the legal sufficiency of the complaint; it does not concern issues of fact. Davidson v. Iona-McGregor Fire Prot. & Rescue Dist., 674 So. 2d 858, 860 (Fla. 2d DCA 1996). When assessing a complaint's sufficiency, a circuit court must look only within its four corners and must assume the truth of the factual allegations therein. The court's task is to decide whether, under the asserted facts, the plaintiff could obtain relief. Carmona v. McKinley, Ittersagen, Gunderson & Berntsson, P.A., 952 So. 2d 1273, 1275 (Fla. 2d DCA 2007). When reviewing an order dismissing a complaint on appeal, this court also must accept the facts stated in the complaint as true. Lutz Lake Fern Rd. Neighborhood Grps., Inc. v. Hillsborough Cnty., 779 So. 2d 380, 383 (Fla. 2d DCA 2000). It is clear to us from the briefs and the oral argument that the parties disagree on many facts in this case. But we cannot resolve those factual disputes, nor could the circuit court on a motion to dismiss. We confine this opinion to the legal issues of whether the causes of actions alleged were timely and whether the complaint stated causes of actions under which the plaintiffs could obtain relief. We apply the de novo standard of review. See id.

-4-

**THE HARRIS ACT CLAIM**

The circuit court dismissed the Husseys' Harris Act claim with prejudice.  It did not state its reasons in the order of dismissal, nor did it make findings at the hearing.  At a prior hearing, however, the court expressed concerns that the Husseys could not state a cause of action under the Harris Act because the RFMD amendments to the Collier County Land Use Plan were "general" ordinances, whereas only an "as-applied" challenge was cognizable under the act.  The court relied on M & H Profit Inc. v. City of Panama City, 28 So. 3d 71 (Fla. 1st DCA 2009).  In its brief, the County also contends that the claim is barred by the statutes of limitation and that the Husseys did not give proper notice of their Harris Act claim.  As we will explain, we find no merit in either the court's theory or the County's.

**A.  Timeliness**

I.  Statute of Limitations.  At the outset we note that the County acknowledged at oral argument that the Husseys' Harris Act claim was timely filed.  The limitations period for filing a Harris Act suit is four years, and it begins on the date that the governmental action inordinately burdens the property.  See § 95.11(3)(f), Fla. Stat. (2008); P.I.E., LLC v. DeSoto Cnty., 133 So. 3d 577, 578 (Fla. 2d DCA 2014) (citing Wendler v. City of St. Augustine, 108 So. 3d 1141, 1146 (Fla. 5th DCA), review denied, 122 So. 3d 867 (Fla. 2013)).  The Act contains a tolling provision, albeit one that is somewhat confusing.  Section 70.001(11) provides:

> (11) A cause of action may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the

property at issue. If an owner seeks relief from the governmental action through lawfully available administrative or judicial proceedings, the time for bringing an action under this section is tolled until the conclusion of such proceedings.

§ 70.001(11), Fla. Stat. (2008).  While this language is not entirely clear, we agree with the court in Wendler that property owners have "four years (*plus any tolling time*) to file their complaint under the Harris Act."  108 So. 3d at 1146 (emphasis supplied).

Here, the County conceded that the limitations period commenced on September 15, 2004, the date the First District affirmed the DOAH determination that the RFMD amendments were proper, thereby ending the Husseys' administrative and judicial proceeding.  We agree that, pursuant to the tolling provision in subsection 70.001(11), this was the date that the cause of action accrued, i.e., it was "when the last element constituting the cause of action occurred."  See § 95.031(1); Sarasota Welfare Home, Inc. v. City of Sarasota, 666 So. 2d 171, 173 (Fla. 2d DCA 1995).  Therefore, the Husseys' September 11, 2008, lawsuit was filed within the limitations period.

II.  Notice of Harris Act claim.  Section 70.001(11), quoted above, requires that property owners notify the governmental entity of their Harris Act claim within one year after the regulation is applied to their property, else they lose the right to pursue a cause of action.  The tolling provision in that section has been applied to toll the one-year notice period.  See Wendler, 108 So. 3d at 1146 (stating that the property owners' request for demolition permits was denied in 2007, but because they appealed that decision, lost, and then filed a petition for certiorari relief, their notice under the Harris act was timely filed in May 2010, a month after they dismissed the certiorari petition).

-6-

The Husseys' complaint alleged that they served their notice on July 21, 2004.[1]  This notice advised the County that they were seeking compensation under the act, and it was timely under section 70.011(4)(a).  The County then had 180 days to investigate and determine whether to make concessions, during which the Husseys were precluded from filing suit on the Harris Act claim.  See § 70.011(4)(b).  Neither the Husseys nor the County can say conclusively whether the County ever entered a written "ripeness" decision, § 70.011(5)(a), but both parties agree that the County stood its ground and did not offer to settle the Husseys' claim.  As earlier noted, the Husseys did not file their lawsuit until September 11, 2008.  Thus they honored the statutory mandate that no suit can be filed until 180 days after the governmental entity is given notice of the claims.  See § 70.011(4)(a).

### B.  As applied challenge

In M & H Profit, the First District held that the Harris Act authorized only as-applied challenges to government actions.  Thus, the Act does not provide a cause of action when a governmental entity adopts an ordinance of general applicability but has taken no steps to apply that ordinance to a particular property.  28 So. 3d at 73, 76.  In that case, Panama City enacted a new height and setback ordinance pertaining to a zoning classification that included M & H's property.  M & H had informal discussions with the city about obtaining a construction permit, after which the city explained that,

---

[1]As noted in the discussion of the statute of limitations, the County conceded that the administrative and judicial process that invoked the tolling period in section 70.001(11) ended with the First District's affirmance of DOAH's final order on September 15, 2004.  Thus this notice was filed even before that occurrence.

"after a cursory review" the proposed construction would not meet the new height and setback rules. M & H never formally submitted a permit request, but instead it tendered a notice of its intention to file a claim under the Harris Act. Id. at 73.

Panama City rejected the claim as outside the scope of the Act. M & H then filed a Harris Act suit, but the circuit court dismissed it, agreeing with the city that the Act provided compensation only for as-applied challenges. The First District affirmed, remarking that the Panama City ordinance "does not change the land use classification or zoning category on any particular piece of property." Id. at 74. But the court also distinguished Citrus County v. Halls River Development, Inc., 8 So. 3d 413 (Fla. 5th DCA 2009), because that case "involved an amendment to a comprehensive plan *which reclassified the land use category on a particular piece of property*." Id. at 78 (emphasis supplied).

This case differs from M & H Profit in the same way. The amendments to Collier County's land use plan were applied to the Husseys' property by their very terms. Properties within the RFMD in North Belle Meade were specifically identified and designated as Receiving, Sending, or Neutral Lands. A Collier County map attached to the Husseys' second amended complaint specifically shows which lands in the RFMD received which designation. No one disputes that the Husseys' lands were designated as Sending Lands, a classification under which previous potential uses were prohibited and residential development was restricted. The circuit court erred by dismissing this case under the theory that the amendment had not been applied specifically to the Hussey's property.

-8-

**INVERSE CONDEMNATION CLAIM**

The circuit court did not directly address the Husseys' inverse condemnation claim, other than to dismiss it pursuant to M & H Profit, which indicated that the court thought the ordinance had not been applied to the Husseys' property. This count of their complaint asserted a regulatory taking, which is certainly an as-applied challenge to the County's Land Use Plan. See Taylor v. Vill. of N. Palm Beach, 659 So. 2d 1167, 1170-71 (Fla. 4th DCA 1995) (discussing various categories of takings and stating that "[i]n an as-applied claim, the landowner challenges the regulation in the context of a concrete controversy specifically regarding the impact of the regulation on a particular parcel of property."). But as we have explained, the County's plan has been applied to the Husseys' lands. Accordingly, the court's decision to dismiss the inverse condemnation claim on this basis was incorrect.

Our analysis of the statute of limitations for this claim, however, differs from our analysis under the Harris Act. The limitations period for the two actions is the same—four years. Cf. Sarasota Welfare Home, 666 So. 2d at 172-73. But as we explained in our earlier discussion, the Harris Act tolls the time for filing an action while an owner seeks relief "through lawfully available administrative or judicial proceedings." See § 70.001(11). No such tolling provision applies to an inverse condemnation action based on a regulatory taking. The statute of limitations for that cause of action begins running when the landowner's claim is ripe for judicial review, i.e. when the governmental entity has made a final decision about the permissible use of the property. Collins v. Monroe Cnty., 999 So. 2d 709, 715 (Fla. 3d DCA 2008). The ordinance

imposing the regulations in this case, Collier County Ordinance number 02-32, specifies when that final decision occurs: "The effective date of these amendments shall be the date a final order is issued by the Department of Community Affairs or Administration Commission finding the amendment in compliance in accordance with Section 163.3184, Florida Statutes, whichever occurs earlier." The Husseys challenged the Sending Lands designation by filing a petition with the Department of Community Affairs. The petition was referred to the Department of Administrative Hearings. DOAH entered its final order on the matter on July 22, 2003.

The Husseys' inverse condemnation claim became ripe on that date and the four-year statute of limitations began running. Accordingly, their action for inverse condemnation, filed on September 15, 2008, was barred by the statute of limitations. The dismissal of that claim was proper, albeit for the wrong reason.

## CONCLUSION

We reverse the dismissal of the Husseys' Harris Act claim and remand for further proceedings. Our ruling applies only to the matters specifically addressed in this opinion. See Lutz Lake Fern Rd., 779 So. 2d at 383. We affirm the dismissal of the Husseys' inverse condemnation claim.

Affirmed in part, reversed in part, and remanded.


CASANUEVA and KELLY, JJ., Concur.


-10-