NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NEAPOLITAN ENTERPRISES, LLC,                )
                                            )
              Appellant,                    )
                                            )
v.                                          )          Case No. 2D14-4219
                                            )
THE CITY OF NAPLES, OLDE NAPLES             )
BUILDING LLC, and BROAD AVENUE              )
LLC,                                        )
                                            )
              Appellees.                    )
_____)

Opinion filed January 29, 2016.

Appeal from the Circuit Court for Collier
County; Cynthia A. Pivacek, Judge.

Hala Sandridge of Buchanan Ingersoll &
Rooney P.C./Fowler White Boggs,
Tampa, Linda Loomis Shelley of
Buchanan Ingersoll & Rooney P.C./Fowler
White Boggs, Tallahassee, and Raoul G.
Cantero, III, of White & Case, LLP, Miami,
for Appellant.

Gerald W. Pierce of Gerald W. Pierce,
P.A., Fort Myers, for Appellee The City of
Naples.

John K. Shubin, Deana D. Falce, and
Katherine R. Maxwell of Shubin & Bass,
P.A., Miami, for Appellees Olde Naples
Building LLC and Broad Avenue LLC.

SILBERMAN, Judge.

Neapolitan Enterprises, LLC, appeals a final order dismissing with prejudice its amended complaint for declaratory and injunctive relief in its action against Olde Naples Building LLC and Broad Avenue LLC (collectively, Olde Naples) and the City of Naples. The Olde Naples Building (the Building) and its parking space credits are at the center of this dispute. In this action Neapolitan was seeking to void the City's alleged ultra vires act of confirming seventy-six parking credits in a letter from the City's planning director that served to reduce the Building's parking space obligation. Neapolitan contends that the City should have followed the variance process which would have required the City to give affected landowners, such as Neapolitan, notice and an opportunity to be heard. We reverse the dismissal of the amended complaint and remand for further proceedings.

The pertinent facts for purposes of this appeal are taken from the allegations in the amended complaint, and those allegations must be taken as true in considering a motion to dismiss. See Hussey v. Collier Cty., 158 So. 3d 661, 664 (Fla. 2d DCA 2014). In November 2010 a notice indicated that the City's Design Review Board (DRB) would have a hearing on architectural renovations to the façade of the Building. The DRB does not have the authority to make zoning or parking decisions and did not make any decision on parking. In March 2011 Olde Naples sought a building permit to perform renovations to stabilize the Building. The permit requested confirmation of parking space credit calculations to "secure the parking nonconformity." A notation on the submitted plans by Planning Director Robin Singer (the Planning Director) states, "Parking Credits as shown on Page A10 have not been officially

determined as of 4/12/11. Parking credits, if any, will be determined by the Planning Director." A building permit was issued.

A letter of September 2, 2011, from the Planning Director to Neapolitan's counsel notified Neapolitan of the administrative decision to approve parking calculations supplied by Olde Naples and outlining reasons why the City accepted Olde Naples' parking calculations. The Planning Director's notation on the submitted plans and her letter of September 2, 2011, are attached as exhibits to the amended complaint. The result of the City's actions is to allow Olde Naples to use the Building as a restaurant without providing any off-street parking. The seventy-six parking spaces that Olde Naples did not provide represents over one-third of the public parking available in the Third Street Commercial District.

Neapolitan filed two administrative appeals with the City, but the City refused to hear the appeals. On October 3, 2011, Neapolitan filed a petition for writ of certiorari with the circuit court. Neapolitan asserted that the City had employed a flawed procedure to, in effect, grant a variance that deprived Neapolitan of due process and that competent, substantial evidence did not support the City's decision. On July 20, 2012, the circuit court denied (rather than dismissed) the petition. But the circuit court specifically determined that it did not have jurisdiction to review the petition because the Planning Director made the parking determination in the letter of September 2, 2011. The circuit court concluded that the parking decision made in the letter was not quasi-judicial action reviewable by a petition for writ of certiorari. On second-tier review, this court denied Neapolitan's petition without a written opinion.

Meanwhile, on July 13, 2012, Neapolitan had also filed a complaint for declaratory and injunctive relief in the circuit court. On November 11, 2013, Neapolitan filed its first amended complaint that is the subject of this appeal. Olde Naples and the City filed motions to dismiss that argued, among other things, that Neapolitan failed to file a petition for writ of certiorari to challenge DRB Resolution 10-22, issued on November 24, 2010, and that Neapolitan's claims were barred by res judicata and collateral estoppel.

After a hearing on motions to dismiss, the trial court dismissed the amended complaint with prejudice. In its order granting the motions to dismiss, the trial court found, "On November 24, 2010, DRB Resolution 10-22 was issued, approving [Olde Naples'] plans to renovate the [Building] and determined that the [Building] qualifies for an allowance of 76 parking space credits." The trial court further found that the City granted to Olde Naples "a parking variance on November 24, 2010, and as such the proper remedy available to [Neapolitan] to determine whether procedural due process was afforded would have been through a timely filed Petition for Writ of Certiorari." Determining that Neapolitan failed to timely challenge the 2010 DRB resolution, the trial court concluded that any issues regarding the DRB were procedurally barred. Thus, the trial court granted the motion to dismiss the amended complaint with prejudice and dismissed the action.

We employ a de novo review of the dismissal of a complaint with prejudice. Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc., 137 So. 3d 613, 615 (Fla. 2d DCA 2014). A motion to dismiss does not concern fact issues; rather, it tests the legal sufficiency of the complaint. Hussey, 158 So. 3d at 664. In ruling on a

- 4 -

motion to dismiss, a trial court is limited to considering the four corners of the complaint along with the attachments incorporated into the complaint. Id.; May v. Salter, 139 So. 3d 375, 376 (Fla. 1st DCA 2014). In the trial court and on appeal, the court must accept the allegations in the complaint as true. Hussey, 158 So. 3d at 664.

Normally affirmative defenses such as res judicata and collateral estoppel must be raised in an answer, not in a motion to dismiss, unless the face of the complaint demonstrates the defense. See Bolz v. State Farm Mut. Auto. Ins. Co., 679 So. 2d 836, 837 (Fla. 2d DCA 1996); Jasser v. Saadeh, 103 So. 3d 982, 984 n.2 (Fla. 4th DCA 2012); Ramos v. Mast, 789 So. 2d 1226, 1227 (Fla. 4th DCA 2001). For example, when a complaint alleging negligence and a breach of fiduciary duty did not mention or incorporate a prior dissolution of marriage judgment, the trial court violated principles of res judicata and collateral estoppel "when it ventured outside the four corners of the complaint, took judicial notice of the final judgment of dissolution of marriage, and dismissed the complaint with prejudice." Norwich v. Global Fin. Assocs., LLC, 882 So. 2d 535, 537 (Fla. 4th DCA 2004); see also Bolz, 679 So. 2d at 837 (reversing dismissal of complaint on res judicata grounds when the complaint failed to refer to the prior action and the trial court "could not consider the pleadings attached to [the] motion" to dismiss).

However, when a complaint specifically incorporated by reference the prior proceedings such that "the trial court had before it a complete history of this litigation," the appellate court affirmed the dismissal of the complaint based on issues of res judicata and estoppel by judgment. Duncan v. Prudential Ins. Co., 690 So. 2d 687, 688 (Fla. 1st DCA 1997); see also Jasser, 103 So. 3d at 984 n.2 (stating that there were

"sufficient references in the complaint itself to the history of the entire matter so that the issue may be determined").

Here, the trial court took judicial notice only of the certiorari order and this court's per curiam denial of the second-tier certiorari petition. The trial court found that on November 24, 2010, DRB Resolution 10-22 was issued, that the DRB determined that the Building qualified for an allowance of seventy-six parking space credits, and that the City granted to Olde Naples a parking variance on November 24, 2010. The allegations of the amended complaint, its attachments, and the certiorari order do not support the above findings that the trial court made in granting the motion to dismiss.

The amended complaint alleged that in November 2010 a representative of Neapolitan received notice of a DRB hearing concerning proposed changes to the Building's façade; that the DRB does not have the power to make zoning or parking decisions pursuant to the City's Land Development Code; and that "[t]he DRB did not make any decision on the issue of parking." The amended complaint also alleged, and attached as Exhibit 1, the following notation the Planning Director made on April 12, 2011, on the submitted plans: "Parking Credits as shown on Page A10 have not been officially determined as of 4/12/11. Parking credits, if any, will be determined by the Planning Director."

Based on the documents the trial court considered, nothing shows that the DRB decided the issue of parking credits in November 2010. Thus, the trial court's legal conclusion is incorrect that Neapolitan "failed to timely challenge the City Planning Department's administrative determination contained in DRB Resolution 10-22" and that any challenge to issues with respect to the DRB is procedurally barred.

- 6 -

Even if we considered the DRB resolution, it does not establish that the DRB determined parking credits. The resolution states in pertinent part "[t]hat petition 10-DRB22 is hereby approved for Final Design Review approval for a substantial change to the façade including landscaping and lighting for the Naples Company Building aka Olde Naples Building" in conformance with the architect's plans. Nothing in the resolution mentions parking. The minutes to the hearing reflect that Barbara Walker on behalf of Neapolitan requested that the DRB limit approval to a preliminary one because Olde Naples was claiming grandfathering rights to seventy-six spaces that did not exist.

Olde Naples argues on appeal that because the resolution granted the application for final design approval without imposing any limitation regarding the parking issue that the DRB determined parking credits. But the later notation by the Planning Director in April 2011 confirmed that parking credits had yet to be determined. Thus, even if we considered the resolution and minutes, at best there is an issue of fact that cannot be resolved on a motion to dismiss. See Hussey, 158 So. 3d at 664.

Olde Naples and the City argue on appeal that the trial court's dismissal can be affirmed on the alternative basis of res judicata or collateral estoppel, thus making a tipsy coachman[1] argument. Res Judicata is a procedural bar that prohibits relitigation of claims in a subsequent cause of action and includes claims that were

---

[1]See Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010) (explaining the tipsy coachman doctrine and stating that "the key to this doctrine is whether the record before the trial court can support the alternative principle of law"); cf. Hoskins v. Metzger, 102 So. 3d 752, 755 (Fla. 2d DCA 2012) (declining to affirm dismissal of a complaint on the tipsy coachman doctrine when the appellate court was unable to conclude that the complaint could not be amended to state a cause of action).

raised or could have been raised in the prior action. Topps v. State, 865 So. 2d 1253, 1254-55 (Fla. 2004); Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 107 (Fla. 2001). For the doctrine of res judicata to apply, the ruling in the prior action must be on the merits of the claim. See Topps, 865 So. 2d at 1255. This promotes the purpose underlying the doctrine of res judicata that if a party has already had the matter decided, the party has had its day in court. See id. "Based on principles of res judicata, a judgment on the merits will thus bar 'a *subsequent* action between the same parties on the same cause of action.' " Jasser v. Saadeh, 103 So. 3d 982, 984 (Fla. 4th DCA 2012) (quoting Youngblood v. Taylor, 89 So. 2d 503, 505 (Fla. 1956)) (emphasis supplied by Jasser court).

The related doctrine of collateral estoppel, also known as estoppel by judgment or issue preclusion, "bars 'the parties from litigating in the second suit issues—that is to say points and questions—common to both causes of action and which were actually adjudicated in the prior litigation.' " Cook v. State, 921 So. 2d 631, 634 (Fla. 2d DCA 2005) (quoting Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995)). "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Id. (quoting Restatement (Second) of Judgments § 27 (1982)); see also Atl. Shores Resort, LLC v. 507 S. St. Corp., 937 So. 2d 1239, 1243-44 (Fla. 3d DCA 2006) (determining that collateral estoppel applied when the party had made the same objections regarding a height restriction and the issue had been decided by the architectural review commission and on appeal to the special master). For collateral estoppel to apply here,

the circuit court in the certiorari proceeding had to make an actual determination essential to its decision that Neapolitan is asserting in the present action.

The circuit court's order on first-tier certiorari review was not a decision on the merits. An order dismissing a case for lack of jurisdiction is not on the merits. See Parkway Bank v. Fort Myers Armature Works, 658 So. 2d 646, 649 n.3 (Fla. 2d DCA 1995) (explaining the distinction between the dismissal of a certiorari petition for a lack of jurisdiction and the denial of a petition on review of a nonfinal order on the merits); see also Smith v. St. Vil, 714 So. 2d 603, 604 (Fla. 4th DCA 1998) (citing Florida Rule of Civil Procedure 1.420(b) and stating that a dismissal for lack of jurisdiction is not on the merits). Although the certiorari order denied rather than dismissed the first-tier petition, the order clearly determined that the circuit court was without jurisdiction to decide the petition. See Parkway Bank, 658 So. 2d at 649 n.3 (noting that because the simple denial of a petition for certiorari has no res judicata effect, "there is little harm in denying a writ that, technically, should be dismissed").

Here, the circuit court explained in its certiorari order that Neapolitan was "challenging a determination made by the City Planner that awarded a parking credit of 76 parking spaces." The circuit court stated that it first had to "address the threshhold issue of whether this Court has jurisdiction to review the City Planner's determination." The circuit court can conduct certiorari review of "orders of local agencies and boards that are quasi-judicial and not subject to direct review under the Administrative Procedure Act." Lee Cty. v. Harsh, 44 So. 3d 239, 242 (Fla. 2d DCA 2010). A decision is quasi-judicial, rather than executive, when notice and a hearing are required and the

administrative agency's judgment depends on evidence and argument from the hearing. Id.; City of St. Pete Beach v. Sowa, 4 So. 3d 1245, 1247 (Fla. 2d DCA 2009).

Certiorari review of an agency's executive decision is inappropriate because "when an executive makes a decision without conducting a hearing, there is nothing for the circuit court to review." Harsh, 44 So. 3d at 242 (quoting Sowa, 4 So. 3d at 1247). Rather, "[w]hen an administrative official or agency acts in an executive or legislative capacity, the proper method of attack on the official's or agency's action 'is a suit in circuit court for declaratory or injunctive relief on grounds that the action taken is arbitrary, capricious, confiscatory, or violative of constitutional guarantees.' " Sowa, 4 So. 3d at 1247 (quoting Bd. of Cty. Comm'rs of Hillsborough Cty. v. Casa Dev. Ltd., II, 332 So. 2d 651, 654 (Fla. 2d DCA 1976)).

The circuit court determined that the challenged decision in the September 2, 2011, letter from the Planning Director "would seem to be an instance where 'evidence of factual findings was in a letter stating a conclusion' " and thus "does not qualify as a quasi-judicial agency decision reviewable by petition for writ of certiorari." The circuit court expressly found that it did not have jurisdiction and denied the petition. The finding essential to the circuit court's decision was that the Planning Director's decision was not quasi-judicial in nature.

This court's per curiam denial of certiorari relief in the second-tier certiorari also was not a determination on the merits. See Topps, 865 So. 2d at 1254 (holding that "unelaborated denials entered in connection with all extraordinary writ petitions filed in any Florida court shall not be considered decisions on the merits which would bar the

- 10 -

litigant from presenting the same or a substantially similar issue on appeal or by a subsequent writ petition, or by other means, in the same or a different Florida Court").

Therefore, neither the circuit court nor this court decided Neapolitan's claim on the merits in the previous certiorari proceedings or determined an issue of fact or law regarding the claim raised here that the Planning Director's determination of parking credits was ultra vires and void. Accordingly, the principles of res judicata and collateral estoppel do not bar Neapolitan's claim in the current action.

The City further argues that Neapolitan has violated the prohibition against splitting causes of action. The City contends that Neapolitan should have brought its claims for declaratory and injunctive relief with its earlier certiorari petition. "The rule against splitting causes of action is 'an aspect of the doctrine of res judicata.' " Tyson v. Viacom, Inc., 890 So. 2d 1205, 1210 (Fla. 4th DCA 2005) (en banc) (quoting Froman v. Kirland, 753 So. 2d 114, 116 (Fla. 4th DCA 1999)). The rule generally provides that a party must claim and recover in one action all damages sustained or accruing from one wrongful act. Harllee v. Procacci, 154 So. 3d 1145, 1147 (Fla. 2d DCA 2014), review denied, 171 So. 3d 119 (Fla. 2015); Tyson, 890 So. 2d at 1210-11. "Because the rule against splitting causes of action is only an aspect of res judicata, it logically follows that if res judicata is not a bar to the bringing of a claim, impermissible splitting of causes of action is not either." Tyson, 890 So. 2d at 1211. In discussing the purpose for the rule "that litigation should have an end," courts have also stated that "[i]f the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary and consequently vexatious." Gilbert v. Fla. Power & Light Co., 981 So. 2d 609, 614-15 (Fla. 4th DCA 2008) (quoting Mims v. Reid, 98 So. 2d 498, 501 (Fla.

- 11 -

1957)).  Here, the first certiorari petition was not effective or available, and the circuit court never reached the merits for lack of jurisdiction.  Neapolitan has yet to have a court reach the merits of its claim.  Therefore, like res judicata, the rule against splitting a cause of action does not apply.

Olde Naples also argues that the doctrine of separation of powers bars the amended complaint because it attempts to challenge an executive act of the City.  In doing so, Olde Naples relies upon Detournay v. City of Coral Gables, 127 So. 3d 869 (Fla. 3d DCA 2013), review denied, 153 So. 3d 903 (Fla. 2014), but Detournay is distinguishable from the present case.  There, the plaintiffs sought to require a municipality to prosecute a building and zoning enforcement action against nearby property owners.  Id. at 870.  The Third District determined that the municipality's discretion to prosecute an enforcement action "is a purely executive function that cannot be supervised by the courts, absent the violation of a specific constitutional provision or law."  Id. at 870-71.

In this declaratory judgment action, Neapolitan is not requesting that the City perform some discretionary act.  Rather, Neapolitan has alleged that the Planning Director engaged in an ultra vires act.  A municipality "engages in an 'ultra vires' act when it lacks the authority to take the action under statute or its own governing laws."  Liberty Counsel v. Fla. Bar Bd. of Governors, 12 So. 3d 183, 191-92 (Fla. 2009).  Declaratory judgment actions regarding ultra vires acts are recognized as to private actors and as to local governments.  See Beau Monde, Inc. v. Bramson, 446 So. 2d 164, 166-67 (Fla. 2d DCA 1984) (affirming declaratory judgment when condominium association's attempted actions were ultra vires and void); Nat'l Rifle Ass'n of Am., Inc.

- 12 -

v. City of S. Miami, 812 So. 2d 504, 505-06 (Fla. 3d DCA 2002) (determining that declaratory judgment action was not premature which alleged that a city's ordinance was ultra vires and void because it was expressly preempted by state law); Town of Lauderdale-by-the-Sea v. Meretsky, 773 So. 2d 1245, 1249 (Fla. 4th DCA 2000) (reversing declaratory judgment in favor of landowners regarding a wall built on a public right-of-way when "the Town Commission authorized an act contrary to its own ordinances and, therefore, its approval was ultra vires and void"; remanding to enter final judgment on Town's counterclaim seeking declaratory and injunctive relief to require landowners to remove wall from the right-of-way). Because Neapolitan has alleged ultra vires acts, Olde Naples' reliance on Detournay and argument that the doctrine of separation of powers precludes Neapolitan's suit has no merit.

Therefore, we reject the alternative theories of res judicata, collateral estoppel, splitting a cause of action, and separation of powers. We reverse the dismissal of Neapolitan's amended complaint and remand for further proceedings.

Reversed and remanded.

MORRIS and LUCAS, JJ., Concur.