NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DORIS THEWS,                              )
                                         )
                  Appellant,             )
                                         )
v.                                       )        Case No. 2D15-4208
                                         )
WAL-MART STORES EAST, LP, a              )
Foreign Limited Partnership, and WESLEY  )
PATTERSON,                               )
                                         )
                  Appellees.             )
_____ )

Opinion filed February 10, 2017.

Appeal from the Circuit Court for Polk
County; Keith P. Spoto, Judge.

Billie Jo Belcher and Carolyn M. Salzmann
of Legally Pink Law, PLLC, Winter Park, for
Appellant.

Thomas A. Valdez, Peter J. Molinelli, and
Jeremy J. Jacobs of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, for Appellees.


CASANUEVA, Judge.

Doris Thews appeals a final order dismissing with prejudice her suit

against the Appellees, Wal-Mart Stores East and Wesley Patterson. The trial court

dismissed her amended complaint based on the Appellees' argument that the suit was

barred by the doctrine of res judicata. We agree with Ms. Thews that the trial court

erred in granting Wal-Mart East's motion to dismiss with prejudice and reverse that portion of the order. However, we conclude that the trial court correctly dismissed the amended complaint against Mr. Patterson and affirm that portion of the order without discussion.

## I. PROCEDURAL HISTORY

Ms. Thews originally sued Wal-Mart Stores, Inc., in the United States District Court in the Middle District of Florida, alleging that she sustained injuries on December 4, 2010, when she was struck by a shopping cart. That lawsuit proceeded to trial, the trial court granted Wal-Mart Stores, Inc.'s motion for judgment as a matter of law, and Ms. Thews' lawsuit was dismissed. The dismissal of the federal lawsuit was affirmed on appeal. Thews v. Wal-Mart Stores, Inc., 560 Fed. Appx. 828 (11th Cir. 2014), cert. denied, 135 S. Ct. 448 (2014).

Thereafter, it was discovered that Wal-Mart Stores East, not Wal-Mart Stores, Inc., actually owned the store where the incident occurred.[1] Ms. Thews then filed her present complaint against Wal-Mart Stores East in state court. In lieu of filing an answer and affirmative defenses, Wal-Mart Stores East filed a motion to dismiss based on the doctrine of res judicata. After a hearing, the trial court granted the motion and dismissed the case with prejudice. Ms. Thews appeals that ruling, arguing that the doctrine of res judicata does not preclude her state court action, because Wal-Mart Stores East is a separate and distinct legal entity from Wal-Mart Stores, Inc.

---

[1]Apparently, Wal-Mart Stores, Inc., never asserted in the federal proceedings that it did not own the store at issue.

## II. RES JUDICATA AS AN AFFIRMATIVE DEFENSE

Affirmative defenses such as res judicata must be typically raised in an answer, not in a motion to dismiss, unless the allegations of the complaint demonstrate that the action is barred by res judicata. Neapolitan Enters. LLC v. City of Naples, 185 So. 3d 585, 589 (Fla. 2d DCA 2016). Further, this court reviews an order dismissing a complaint with prejudice using a de novo standard of review, because a motion to dismiss examines the legal sufficiency of the complaint, not factual determinations. Id. In ruling on the motion to dismiss, the trial court was required to accept the allegations of the amended complaint as true and was "limited to considering the four corners of the complaint along with the attachments incorporated into the complaint." Id. We conclude that the trial court improperly granted the motion to dismiss, because the face of Ms. Thews' amended complaint does not demonstrate that the action is barred by res judicata.

"The doctrine of res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004). The factor at issue in the present case is the identity of the parties. "For the purpose of res judicata, identity of parties is satisfied if the parties to the second action were either parties to the first action or in privity with those parties." Mann v. Palmer, 713 F.3d 1306, 1311 (11th Cir. 2013). A nonparty may be in privity with a party to the prior action if:

> (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between

the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

Griswold v. Cty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010).

Wal-Mart Stores East argues on appeal, as it did in the motion to dismiss, that it was in privity to Wal-Mart Stores, Inc., because it agreed to be bound by the federal litigation, a substantive legal relationship existed between the two corporations, and Wal-Mart Stores East was adequately represented by Wal-Mart Stores, Inc., in the federal action. We conclude that, although one or all of these factors may eventually be established, they were not established by the four corners of the amended complaint. We also note that there was no evidence presented by either party at the hearing on the motion to dismiss. Because the face of the complaint does not demonstrate that the action is barred by res judicata, the defense should have been raised in an answer to the complaint, not in a motion to dismiss. See Neapolitan Enters., 185 So. 3d at 589.

### III. FRAUD

Ms. Thews also argues that the doctrine of res judicata does not apply to the present case because the omission of Wal-Mart Stores East from the prior litigation was caused by fraud on the part of Wal-Mart Stores, Inc. We do not find merit in this argument because, as noted above, no evidence was presented at the hearing on the motion to dismiss. Therefore, there is no evidence at this point in the proceedings to support the argument that either Wal-Mart Stores, Inc., or Wal-Mart Stores East committed fraud.

- 4 -

## IV. CONCLUSION

Accordingly, we reverse that portion of the order granting the motion to dismiss against Wal-Mart Stores East and affirm that portion of the order as it pertains to Mr. Patterson.

NORTHCUTT and KHOUZAM, JJ., Concur.