# Third District Court of Appeal

## State of Florida

Opinion filed October 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-257
Lower Tribunal No. F00-4530
_____

**Jorge A. Ruiz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and HENDON and BOKOR, JJ.

HENDON, J.

Jorge A. Ruiz ("Ruiz") appeals from an order entered in 2022, declaring him to be a sexual predator pursuant to section 775.21, Florida Statutes, for a qualifying offense he plead guilty to in 2002. As the trial court properly held that the doctrine of res judicata was not applicable in the instant case, we affirm.[1]

In 2000, the State charged Ruiz by amended information with the first-degree felony of lewd and lascivious molestation of a child less than twelve years of age by a defendant eighteen years of age or older ("lewd and lascivious molestation"), in violation of sections 800.04(5) and (6) of the Florida Statutes. On January 15, 2002, the State and Ruiz entered into a Probation Plea Agreement ("Plea Agreement"). Pursuant to the Plea Agreement, Ruiz agreed to plead guilty to lewd and lascivious molestation. In exchange, the trial court would withhold adjudication of guilt and place Ruiz on probation for five years with the special condition that Ruiz complete a sex offender treatment program. The Plea Agreement did not state that Ruiz would be designated a sexual predator under section 775.21 or reference the statute. Thereafter, consistent with the Plea Agreement, the trial court entered a "Finding of Guilt and Order of

---

[1] We review the order under review de novo. See United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1103 (Fla. 3d DCA 2010); Campbell v. State, 906 So. 2d 293, 295 (Fla. 2d DCA 2004) (citing State v. McBride, 848 So. 2d 287, 288 (Fla. 2003)).

Withholding Adjudication/Special Conditions."[2]  On December 19, 2006, the trial court terminated Ruiz's probation.

In 2022, the State filed a Motion to Declare Defendant a Sexual Predator Pursuant to Florida Statute 775.21 ("Motion to Declare").  The State asserted that despite qualifying as a sexual predator under section 775.21 when Ruiz was sentenced in January 2002 for lewd and lascivious molestation, an order was never entered designating him a sexual predator.  The State argued that such an order is statutorily mandated, and entering a post-sentence order remains within the trial court's authority.

The trial court conducted a hearing on the State's Motion to Declare on January 7, 2022.  At the hearing, Ruiz acknowledged that in State v. McKenzie, 331 So. 3d 666 (Fla. 2021), reh'g denied, SC19-912, 2022 WL 223268 (Fla. Jan. 26, 2022), the Florida Supreme Court recently held that a trial court has jurisdiction to designate a defendant as a sexual predator under section 775.21 even though the defendant was not designated as a sexual predator at the time of sentencing and has since completed his sentence.[3]  However, Ruiz requested that the trial court address issues not

---

[2] Prior to the entry of the order on appeal, as a result of this offense, Ruiz was already designated as a sexual offender, but not a sexual predator.

[3] The Florida Supreme Court noted that McKenzie's offense was a qualifying offense under section 775.21, and therefore, the trial court was

addressed in the Florida Supreme Court's decision in <u>McKenzie</u>, including the applicability of the defense of res judicata. At the conclusion of the hearing, the trial court rejected Ruiz's res judicata argument, and thereafter entered an order finding that the defendant is a sexual predator under section 775.21. Ruiz's appeal followed.

Ruiz argues that the trial court erred by finding that the defense of res judicata did not bar the trial court from designating Ruiz as a sexual predator under section 775.21 when the State failed to seek the sexual predator designation at the time of sentencing in 2002. We disagree.

In making this argument, Ruiz relies on the following statement in the Florida Supreme Court's decision in <u>McBride</u>: "*Res judicata*, however, prohibits not only relitigation of claims raised but also the litigation of claims *that could have been raised* in the prior action." <u>Id.</u> at 290 (emphasis in original). This principle, however, is not applicable in the instant case because it does not apply to litigation that constitutes a continuation of the original litigation. <u>See</u> <u>Youngblood v. Taylor</u>, 89 So. 2d 503, 506 (Fla. 1956) (holding that under the doctrine of res judicata, "a judgment on the

---

"obligated" "to designate McKenzie as a sexual predator." <u>McKenzie</u>, 331 So. 3d at 668. The Florida Supreme Court approved this Court's decision in <u>Cuevas v. State</u>, 31 So. 3d 290 (Fla. 3d DCA 2010), and quashed the Fifth District Court of Appeal's decision in <u>McKenzie v. State</u>, 272 So. 3d 808 (Fla. 5th DCA 2019).

4

merits of a controversy is conclusive as to the parties and their privies and will bar a <u>subsequent</u> action between the same parties on the same cause of action" or on matters that could have been raised in the prior action) (emphasis added); <u>Pearce v. Sandler</u>, 219 So. 3d 961, 966 (Fla. 3d DCA 2017) ("To successfully invoke a res judicata defense, a party must satisfy two prerequisites. First, a judgment on the merits must have been rendered <u>in a former suit</u>. Second, four identities must exist between the former suit and the suit in which res judicata is to be applied: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made.") (emphasis added) (internal citations and quotation marks omitted); <u>Amiri v. McGreal</u>, 323 So. 3d 242 (Fla. 2d DCA 2021) (stating that res judicata is "a procedural bar that prohibits relitigation of claims in a subsequent cause of action and includes claims that were raised or could have been raised <u>in the prior action</u>") (emphasis added) (quoting <u>Neapolitan Enters., LLC v. City of Naples</u>, 185 So. 3d 585, 590-91 (Fla. 2d DCA 2016)). Thus, as the State sought the entry of an order declaring Ruiz a sexual predator in the original criminal case, not in a subsequent action, the defense of res judicata was not applicable. Accordingly, the trial court did not err in granting the State's

motion to declare Ruiz a sexual predator.

Affirmed.